# In the United States Court of Federal Claims

No. 18-395C
(Filed June 13, 2019)

* * * * * * * * * * * * * * * * *
\
**DCX-CHOL ENTERPRISES, INC.,**

       Plaintiff,

v.

**THE UNITED STATES,**

       Defendant.

* * * * * * * * * * * * * * * * *

Contract Disputes Act, 41 U.S.C. § 7103(f)(5); claim deemed denied; claim pending in bid protest; *K-Con Bldg. Sys.* rule; different remedy, different claim; complex issues; RCFC 52.2 remand.

*James S. DelSordo*, Argus Legal, PLLC, of Manassas, Va., for plaintiff.

*John S. Groat*, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Steven Gillingham*, Assistant Director, all of Washington, D.C., for defendant. *Alan M. Mygatt-Tauber*, Naval Undersea Warfare Center, Keyport, Wash., of counsel.

## ORDER

Plaintiff, DCX-CHOL Enterprises, Inc. (DCX-CHOL), initially filed a bid protest in this court challenging the rescission of a novation agreement by the U.S. Department of the Navy (Navy). *See* Compl., *DCX-CHOL Enters. v. United States*, No. 16-1669C (Dec. 20, 2016). While that matter was pending, DCX-CHOL filed with the Navy's contracting officer (CO) a claim for damages under the Contract Disputes Act (CDA), 41 U.S.C. § 7103(a), based on the same rescission. *See* ECF No. 17-1. Eight weeks later, the CO apparently informed plaintiff that because of the complexity of the issues presented, it could take her as long as five additional weeks to reach a decision. Compl. ¶ 4. Three weeks after that, the CO sent DCX-CHOL a letter stating that she was "not permitted to issue a contracting officer's final decision due to the fact that the same matter is currently being decided by" our court, relying on *K-Con Building Systems, Inc. v. United States*, 778 F.3d 1000 (Fed. Cir. 2015) and citing 28 U.S.C. §§ 516–20. ECF No. 17-2; *see also* Compl. ¶ 5. The following month, plaintiff filed the complaint in this matter.

The government has moved to dismiss this case for failure to state a claim upon which relief can be granted, under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). Def.'s Mot. at 1, 8. It primarily argues that plaintiff failed to allege that the request for the novation came from the contractor awarded the subject contracts, although that party's participation is required under 48 C.F.R. § 42.1203. *Id.* at 6. The transferor of the contracts was identified in the novation agreement as Fifth Third Bank, *see* Ex. 4 to Compl., ECF No, 16-4 at 1–3, a lender to the contractor which obtained the latter's property upon default, *see* Ex. 1 to Compl., ECF No. 16-1 at 14–16, 18–19. The Court notes that this issue is complicated by the fact that the security agreement between Fifth Third Bank and the initial contractor, Stuart Manufacturing, Inc., gave power of attorney to the bank to act for the contractor in transactions and legal proceedings concerning the collateral, including executing and filing "any third part agreements or assignments to grant [Fifth Third Bank] control over the Collateral." Ex. 1 to Compl., ECF No. 16-1 at 22. Thus, it is the possible that Fifth Third Bank requested the novation agreement on behalf of the initial contractor. *See* Tr. (March 27, 2019) at 6–9.

The merits of the case are only at issue because the government has concluded that the CO was incorrect in her determination that she lacked the authority to issue a decision on the CDA claim. Otherwise, an RCFC 12(b)(1) motion to dismiss the case for lack of subject-matter jurisdiction would have been appropriate, as a claim beyond the authority of the CO could not be deemed denied, and thus our court could not exercise jurisdiction under 41 U.S.C. § 7103(f)(5). *See Sharman Co. v. United States*, 2 F.3d 1564, 1571–72 (Fed. Cir. 1993). But defendant acknowledges that under *K-Con*, for a claim in our court to be the same as a claim before a CO, both must request the same remedy. *See* Tr. (March 27, 2019) at 12–15; *K-Con*, 778 F.3d at 1005–07. As the bid protest seeks injunctive relief, and the CDA claim requested monetary relief, the claims are not the same and thus the CO was not precluded from deciding the matter.

Because plaintiff sought more than $100,000, the CDA required the CO to inform DCX-CHOL of the date by which a decision would be issued, within sixty days of receiving the claim. 41 U.S.C. § 7103(f)(2)(B). This she timely did. Compl. ¶ 4. But she then mistakenly concluded that she lacked authority and never decided the claim, and this failure to decide is deemed a decision reviewable in our court. *See* 41 U.S.C. § 7103(f)(5). While our court thus has jurisdiction over the matter and could decide the government's merits-based motion to dismiss the case, the CDA also empowers us to "stay the proceedings of the appeal or action to obtain a decision by the contracting officer." *Id.* Under the circumstances, a remand is the appropriate course, as the CO has already invested enough time and resources to recognize the complexity of the issues raised in the claim. *See* Compl. ¶ 4; *see also M.K. Ferguson Co. v. United States*, No. 12-57C, 2016 WL 1551650, at *17–18 (Fed. Cl. Apr. 14, 2016) (remanding a CDA claim for decision once a defective certification had been cured); *Rudolph & Sletten, Inc. v. United States*, 120 Fed. Cl. 137, 143–44

- 3 -

(2015) (remanding a CDA claim that was deemed denied).  As discussed above, one of the issues that will need to be decided by the CO is whether Fifth Third Bank had requested and executed the novation agreement on behalf of the initial contractor, under the power of attorney conferred upon the bank in the security agreement.

Accordingly, this matter is remanded to the Navy CO for a decision, pursuant to 41 U.S.C. § 7103(f)(5) and RCFC 52.2.  The remand period shall terminate on **Monday, August 12, 2019**, and proceedings in this case are **STAYED** until that date.  If the CO has not issued a decision by that date, the parties shall follow the procedures set forth in RCFC 52.2(c).  The Clerk is directed to serve a certified copy of this order on: Amy S. Constant, Contracting Officer, Dept. of the Navy, Naval Undersea Warfare Center Division, 610 Dowell St., Keyport, WA  98345-7610.

**IT IS SO ORDERED.**

    s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge